# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

LAMAR PASSMORE,
Plaintiff,

vs.

THE PENTAGON,
Defendant.

Civil Action No. 1:19-cv-200
McFarland, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati, Ohio, filed a pro se complaint against defendant The Pentagon in Hamilton County, Ohio Court of Common Pleas on February 13, 2019. (Doc. 2). The complaint alleges various violations of the United States Constitution, the United States Criminal Code, and the Ohio Revised Code. (*See id.*). As relief, plaintiff requests several billion dollars in various amounts and forms of currency. (*Id.*).

The government removed the action to this Court on March 14, 2019. (Doc. 1). The government subsequently moved to dismiss all claims for lack of subject matter jurisdiction and failure to state a claim for relief (Doc. 19), and plaintiff filed an opposing memorandum (Doc. 23). The government alleges that this Court lacks subject matter jurisdiction over plaintiff's complaint because sovereign immunity was not waived. (Doc. 19 at 2). The government further contends that the complaint does not allege sufficient facts to state a plausible claim for relief under Fed. R. Civ. P. 12(b)(6). (*Id.* at 4). Plaintiff has also filed forty-five "evidence filings," two motions for summary judgment, and two motions to compel. (Docs. 7-10, 12-18, 21-22, 24-60).

Dismissal of plaintiff's lawsuit is warranted under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction is lacking in a lawsuit against the United States, or an agency of the United States, unless the government consents to suit. *United States*

v. *Testan*, 424 U.S. 392, 399 (1976); *see also CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 950 (S.D. Ohio 2007) (the United States may not be sued without its consent, and consent is a prerequisite for jurisdiction) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998)), *aff'd sub nom. CareToLive v. Eschenbach*, 290 F. App'x 887 (6th Cir. 2008). Absent an express waiver of sovereign immunity, the district court lacks jurisdiction over a claim against the United States. *Id.* (citing *Mitchell*, 463 U.S. at 212). "Jurisdiction over any suit against the [United States] Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the waiver." *Id.* (citing *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003)). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citing *Mitchell*, 463 U.S. at 239; *Reed*, 146 F.3d at 398).

The plaintiff has the burden to identify a waiver of sovereign immunity in order to proceed with a claim against the United States. *Id.* (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If the plaintiff cannot identify a waiver, his claim must be dismissed for lack of jurisdiction. *Id.* (citing *Reetz*, 224 F.3d at 795). *See also Wojton v. U.S.*, 199 F. Supp. 2d 722, 726 (S.D. Ohio 2002) (plaintiff has the burden under Fed. R. Civ. P. 8 to set forth the grounds for the Court's jurisdiction).

Plaintiff's lawsuit against the Pentagon, the headquarters of the United States Department of Defense, a government agency, is a suit against the United States. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). Thus, plaintiff must identify a waiver of sovereign immunity. Plaintiff has not carried his burden to identify a waiver of sovereign immunity. Nor do the allegations of the complaint provide any factual content or context from which the Court may

reasonably infer that defendant waived its sovereign immunity with respect to the matters at issue in this case. The complaint does not include any factual allegations to show that defendant violated plaintiff's constitutional or other rights. The complaint makes only rambling, conclusory, and unsupported assertions challenging various aspects of U.S. military operations. For instance, "offense one" of the complaint cites to various news articles to purportedly allege violations of Article I, Section 8 of the U.S. Constitution. (*See* Doc. 2 at 2-4). These allegations are not sufficient to show that the government waived its sovereign immunity from suit with respect to the claims at issue. The complaint should therefore be dismissed for lack of subject matter jurisdiction.

Because the Court has determined that plaintiff's complaint should be dismissed for lack of jurisdiction, the Court lacks jurisdiction to consider plaintiff's motions for summary judgment, evidence filings, and motions to compel. Therefore, these motions should be **DENIED** as **MOOT**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) (Doc. 19) be **GRANTED**.
2. Plaintiff's motions for summary judgment (Docs. 7, 10) and motions to compel (Docs. 22, 38) be **DENIED** as **MOOT**.
3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See*

*Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/16/20

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMAR PASSMORE,
Plaintiff

Civil Action No. 1:19-cv-200
McFarland, J.
Litkovitz, M.J.

vs

THE PENTAGON,
Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).